**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Weston J. Stow

       v.                       Case No. 18-cv-768-JL

Dr. Anne Davis et al.

<u>**REPORT AND RECOMMENDATION**</u>

On December 9, 2019, the district judge issued an Order (Doc. No. 17) approving the undersigned magistrate judge's Report and Recommendation ("R&R") (Doc. No. 12) and dismissing plaintiff Weston Stow's complaint (Doc. No. 1). The district judge has now vacated the order of dismissal and allowed Mr. Stow to file an amended complaint (Doc. No. 24). <u>See</u> June 26, 2020 Order. Pursuant to that Order, the amended complaint is before the undersigned magistrate judge for preliminary review under 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).

The amended complaint is construed to addend, rather than replace, the original complaint. This preliminary review will accordingly address whether Document No. 24 adds facts or legal arguments which alter the previous recommendation of dismissal of the claims asserted in Mr. Stow's initial complaint, as well as considering whether the amended complaint asserts any new claim upon which relief might be granted. In conducting this preliminary review, the court applies the standard set forth in the August 14, 2019 R&R.

### Factual Allegations in Amended Complaint[1]

In the amended complaint, Mr. Stow asserts the following facts and legal conclusions which he characterizes as "new factual allegations," Dec. 12, 2019 Mot. to Amend Compl. (Doc. No. 19, at 1)[2]:

- Mr. Stow did not threaten NFL Commissioner Roger Goodell in the October 25, 2017 letter he sent to Commissioner Goodell (Doc. No. 24-1) ("Goodell Letter").

- Mr. Stow made statements in the Goodell Letter which were political speech protected by the First Amendment.

- Prison Policy and Procedure Directive ("PPD") 5.25, Rule 6 B/C authorizes disciplinary action to be taken against a DOC inmate for "[t]hreatening any person with harm, either to person or property." PPD 5.25, Att. 2, at 2 (Doc. No. 1-6, at 24).

- In her October 31, 2017 disciplinary report charging Mr. Stow with a violation of PPD 5.25 Rule 6 B/C, defendant

---

[1]The facts underlying the claims in the initial complaint, and which provide the background for the claims at issue in Mr. Stow's amended complaint, are set forth in the August 14, 2019 R&R, and need not be repeated here.

[2]Many of the facts set forth in the amended complaint, which Mr. Stow characterizes as "new factual allegations," Pl.'s Mot. to Amend Compl. (Doc. No. 19, at 1) were in fact asserted in his initial complaint or the exhibits thereto. See, e.g., Doc. No. 1, at 2 ¶ 12 ("Dr. Davis wrote plaintiff a D-Rpt for writing a letter to the NFL Commissioner Roger Godell [sic] that Davis felt was of a threatening nature; PPD 5.25 Rule 6/B "threatening any person with harm, either to person or property."); id. at 2 ¶ 14 ("Plaintiff expressed his opinions in his letter to NFL Commissioner Roger Godell [sic]"); id. at 3 ¶ 15 ("Davis is not the mail officer"); id. at 3 ¶ 16 (describing DOC mail policy requiring rejecting outgoing mail if it includes certain types of information and forbidding rejection of mail based on other content); id. at 5 ¶ 23 (Goodell Letter "was read and censored by Dr. Davis and resulted in a D-Rpt").

Dr. Anne Davis wrote: "'The letter that Mr. Stow wrote was of a threatening nature to another person.'" (Doc. No. 24-2).

- The October 31, 2017 disciplinary report "provides no notice as to what, when, who, where, why and how [] the content of the Goodell Letter" constituted a violation of PPD 5.25, Rule 6 B/C.  Doc. No. 24, at 2;

- The "threatening nature" language Dr. Davis used to describe the Goodell Letter in the October 31, 2017 disciplinary report "does not square with" the use of the word "threatening" in PPD 5.25, Rule 6 B/C.  Id.

- The acts charged in the October 31, 2017 disciplinary report do not satisfy the elements of the state law crime of criminal threatening, set forth in N.H. Rev. Stat. Ann. § 631:4(1).

- Prison policy requires that outgoing prisoner mail deemed to be threatening be withheld from mailing, and the Goodell Letter was not withheld from mailing.

- Dr. Davis is not the prison's designated mail officer, and prison policy authorizes only the designated mail officer to inspect Mr. Stow's outgoing mail for "contraband, escape plans, or other violations of statutes or standards of behavior."  Doc. No. 24, at 2.

- Prison policy does not allow for an inmate's outgoing mail to be read or censored, and does not allow for punishing an inmate based on the content of outgoing mail.

- Between March 6, 2017 and June 30, 2017, Mr. Stow filed approximately thirty-three Inmate Request Slips ("IRSs") and/or grievances complaining about actions taken by Dr. Davis and her subordinates.

- Dr. Davis's actions with regard to the Goodell Letter and the October 31, 2017 disciplinary report "caused harm to [Mr. Stow's] feelings, emotions and sensibilities."  Doc. No. 24 at 4.

### Legal Claims Asserted in Amended Complaint

In the amended complaint, Mr. Stow asserts that the "new factual allegations" set forth above give rise to the following "new legal claims," Pl.'s Mot. to Amend Compl. (Doc. No. 19, at 1-2)[3]:

> 5.    Dr. Anne Davis violated Mr. Stow's First Amendment right not to be subjected to retaliatory discipline by filing a disciplinary report against Mr. Stow on October 31, 2017 in retaliation for Mr. Stow's filing of approximately thirty-three administrative complaints against Dr. Davis and her subordinates between March 6, 2017 and June 30, 2017.
>
> 6.    By reviewing Mr. Stow's October 25, 2017 Letter to Roger Goodell for content, and writing a disciplinary report against Mr. Stow for statements made in that letter, Dr. Davis engaged in acts "constitut[ing] illegal censorship in violation of [Mr. Stow's] First Amendment rights." Doc. No., at 3-4.
>
> 7.    Dr. Davis and her subordinates failed to follow PPD 1.16 in their responses to Inmate Request Slips Mr. Stow filed between March 6, 2017 and June 30, 2017.
>
> 8.    Dr. Davis's actions with regard to Mr. Stow's October 25, 2017 letter to Roger Goodell, and the October 31, 2017 disciplinary report related thereto, give rise to her liability for the state law torts of:
>
> > a.    negligence,
> > b.    negligence per se,
> > c.    malfeasance in public office, and
> > d.    misfeasance in public office.

---

[3]In the August 14, 2019 R&R, the court identified Mr. Stow's claims asserted therein as Claims 1-4. For the sake of clarity, the court numbers the claims asserted in the amended complaint as Claims 5-8.

**Discussion**

I.    Retaliatory Discipline Claim (Claim 5)

In his amended complaint, Mr. Stow asserts a claim alleging that he was subject to "retaliatory discipline," in violation of his First Amendment right to petition the government for a redress of grievances.  In support of this claim, Mr. Stow asserts that Dr. Davis's October 31, 2017 disciplinary report alleging that the Goodell Letter was threatening was, in fact motivated by Dr. Davis's "personal bias, animus and ill-will against [Mr. Stow]," Doc. No. 24 at 3, for using the DOC's administrative grievance process to complain about Dr. Davis approximately thirty-three times between March 6, 2017 and June 30, 2017.

As fully explained in the August 14, 2019 R&R, to state a claim for retaliatory discipline, Mr. Stow must allege: (1) that the conduct which led to the retaliation was protected by the First Amendment; (2) that he suffered adverse action at the hands of a defendant prison official; and (3) that there was a causal link between the exercise of his First Amendment rights and the adverse action taken.  See Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011).  Although de minimis adverse acts taken in response to protected speech are not actionable, an adverse act is not de minimis if it would deter an individual of ordinary firmness from exercising his or her First Amendment rights.  See

Starr v. Dube, 334 F. App'x 341, 342-43 (1st Cir. 2009) (inmate
of "ordinary firmness" would not be deterred in the exercise of
his First Amendment rights where a disciplinary charge was filed
against him, provided he could defend himself against the charge
and that there is no indication that such a defense would be
futile).

The retaliatory discipline charge in Mr. Stow's amended
complaint differs from the retaliatory discipline charge in his
original complaint only in that it alleges that Dr. Davis's
October 31, 2017 disciplinary report was motivated by Mr. Stow's
March 6, 2017 to June 30, 2017 administrative complaints against
Dr. Davis and her subordinates.  The court previously
recommended that the retaliation charge in Stow's initial
complaint be dismissed because Mr. Stow has failed to
demonstrate that he was subject to any non-de minimis adverse
act as a result of the allegedly retaliatory disciplinary report
brought against him.  Dr. Davis's specific motive for
retaliating against Mr. Stow does not alter that fact that Mr.
Stow has failed to state that he was subject to a non-de minimis
adverse act as a result of that retaliatory motive.

Mr. Stow attempts to support his retaliatory discipline
claim by citing to Haynes v. Stephenson, 588 F.3d 1152 (8th Cir.
2009), in which the Eighth Circuit states that "'the filing of a
disciplinary charge is actionable under section 1983 if done in

retaliation for [the inmate's] having filed a grievance pursuant
to established procedures.'" Id. at 1156 (citation omitted).
There are (unpublished) First Circuit cases which appear to be
at odds with that case, including for example, Pope v. Bernard,
No. 10-1443, 2011 WL 478055, 2011 U.S. App. LEXIS 2764, (1st
Cir. Feb. 10, 2011), where the court found that "the filing of a
single, later-dismissed disciplinary charge against an inmate,
even if taken with a retaliatory motive, is insufficient to
qualify as more than de minimis." Id., 2011 WL 478055, at *2,
2011 U.S. App. LEXIS 2764, at *4 (emphasis in original); see
also Starr, 334 F. App'x at 342-43 (1st Cir. 2009) (single
retaliatory disciplinary charge that is later dismissed
insufficient to serve as basis of § 1983 action).

   This court need not determine whether those unpublished
cases signal the existence of First Circuit law regarding de
minimis conduct that departs from precedent applicable in the
Eighth Circuit.  An additional, dispositive short-coming of Mr.
Stow's retaliation claim is his failure to plead facts showing
causation.  "[W]hen the interval between a complaint and the
alleged retaliation is attenuated, chronological data, by
itself, does not forge the causal link needed to establish a
prima facie case of retaliation." Ahern v. Shinseki, 629 F.3d
49, 58 (1st Cir. 2010) ("Without some corroborating evidence
suggestive of causation . . . a gap of several months cannot

alone ground an inference of a causal connection between a
complaint and an allegedly retaliatory action.").  The four-
month gap, without more, between the alleged protected grievance
activity and the alleged adverse act does not plead facts
sufficient to demonstrate causation upon which relief can be
granted.


II.  First Amendment "Censorship" Claim (Claim 6)

     In his amended complaint, Mr. Stow asserts a claim,
identified in this R&R as Claim 6, alleging that Dr. Davis
violated his First Amendment right to free speech when she
"censored" the Goodell Letter by initiating disciplinary action
against Mr. Stow based on statements in that letter that
constituted political opinions, and that did not violate any
prison policy or criminal law.  Mr. Stow acknowledges that Dr.
Davis's actions did not prevent or delay his ability to send the
Goodell Letter out of the prison.  Mr. Stow also recognizes that
the disciplinary action Dr. Davis initiated against him was
dismissed without a guilty finding or imposition of sanctions.

     In his amended complaint, Stow distinguishes this
censorship claim from his retaliatory discipline claim, arguing
that the filing of a disciplinary action against him for the
content of speech protected by the First Amendment constitutes
censorship.  Mr. Stow alleges that Dr. Davis's actions have

"caused [him] harm to [his] feelings, emotions and sensibilities."  Doc. No. 24 at 4.  In an Order issued simultaneously with this R&R, the court directs service of that claim upon Dr. Davis, without prejudice to Dr. Davis's ability to move to dismiss that First Amendment claim on any proper basis.

III. Violation of Prison Policy (Claim 7)

In Claim 7, Stow asserts that his rights have been violated by the failure of Dr. Davis and others to follow prison policy. As explained in the August 14, 2019 R&R, "[a]n assertion that prison officials failed to follow prison rules or policies does not set forth a constitutional claim."  McFaul v. Valenzuela, 684 F.3d 564, 579 (5th Cir. 2012); see Querido v. Wall, C.A. No. 10-098 ML, 2010 U.S. Dist. LEXIS 139201, at *14, 2010 WL 5558915, at *3 (Dec. 8, 2010), R&R adopted, 2011 U.S. Dist. LEXIS 1882, 2011 WL 63503 (D.R.I. Jan. 7, 2011).  Moreover, the prison regulations Mr. Stow alleges have been violated do not themselves provide Mr. Stow with a private right of action. Accordingly, the district judge should dismiss Claim 7.

IV.  State Law Claims (Claim 8(a)-(d))

In his amended complaint, Stow asserts claims to relief under state law, summarized above as Claims 8(a)-(d).  The

court, in the Order issued simultaneously with this R&R, directs
service of Claims 8(a)-(d) upon Dr. Davis to the extent those
claims against Dr. Davis arising out of the facts that give rise
to Claim 6, as set forth above, without prejudice to Dr. Davis's
ability to dismiss those claims on any proper basis.


V.    August 14, 2019 R&R (Doc. No. 12)

The court finds that nothing in the amended complaint (Doc.
No. 24) alters the findings or recommendations in the August 14,
2019 R&R (Doc. No. 12) recommending dismissal of Claims 1-4, as
set forth therein.  Accordingly, the district judge should
approve the August 14, 2019 R&R (Doc. No. 12).


### Conclusion

For the foregoing reasons, the district judge should:

- approve the August 14, 2019 R&R (Doc. No. 12)

- dismiss the claims identified in this R&R as Claims 5
  and 7, and

- drop all of the defendants, other than Dr. Anne Davis,
  from this action.

Any objections to this R&R must be filed within fourteen
days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).
The fourteen-day period may be extended upon motion.  Failure to
file specific written objections to the Report and
Recommendation within the specified time waives the right to

appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

July 1, 2020

cc:  Weston J. Stow, pro se