UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Weston J. Stow

    v.                                                   Civil No. 1:18-cv-768-JL
                                                         Opinion No. 2021 DNH 064

Dr. Anne Davis

**MEMORANDUM ORDER**

       Following Judge Johnstone's review of pro se inmate Plaintiff Weston J. Stow's multi-count, multi-defendant complaint,[1] one federal claim and four state law claims remain against Defendant Dr. Anne Davis.[2] The remaining federal claim alleges that by reviewing Stow's outgoing letter to a third party, and writing a disciplinary report against Stow for statements made in that letter, Dr. Davis engaged in acts "constitut[ing] illegal censorship in violation of [Stow's] First Amendment rights."[3] This court has jurisdiction over Stow's federal claim under 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction over his state law claims under 28 U.S.C. § 1367(a).

       Dr. Davis now moves to dismiss the remaining claims, arguing that her conduct does not constitute actionable censorship as a matter of law. She further argues that if Stow's lone federal claim is dismissed, this court can decline to exercise supplemental jurisdiction over his state law claims. After reviewing the parties' submissions and hearing oral argument, Dr. Davis's motion to dismiss is denied. Stow has sufficiently alleged conduct qualifying as censorship that

---

[1] See 28 U.S.C. § 1915(a) and LR 4.3(d)(1) (outlining process for preliminary review by Magistrate Judge); see also Complaint and Amended Complaint (doc. nos. 1 and 24).

[2] See Report and Recommendation (doc. no. 25).

[3] Doc. no. 25, at 4 (quoting Stow's complaint).

implicates the First Amendment of the United States Constitution under existing case law, and Dr. Davis has neither raised nor developed other arguments for dismissal at the 12(b) stage.

**Background.**  Accepting as true all well-pleaded facts in Stow's complaint and drawing all reasonable inferences from those facts in Stow's favor, the court recites the following brief background.  See Martino v. Forward Air, Inc., 609 F.3d 1, 2 (1st Cir. 2010).  Stow is an inmate in the custody of the New Hampshire Department of Corrections.  On August 25, 2017, Stow wrote a letter to Roger Goodell, the Commissioner of the National Football League.  The gist of the letter was that Stow was unhappy with the actions of NFL players electing not to stand during the pre-game playing of the National Anthem and wanted to express this displeasure to the League's Commissioner.  In the letter (which is four, single-spaced, handwritten pages long), Stow quoted from a movie line in which a character says "your [sic] going to acquire courage or I'm going to stick this steel leg of mine up your ass – you feel me," and told the Commissioner that this "message" applies to him, "only it will be the public that sticks a negative balance sheet up your ass."

Prior to mailing the letter, Stow asked a corrections employee to make him a photocopy of the letter and its attachments.  The employee returned the original letter to Stow and sent the copies to New Hampshire State Prison Librarian John Perkins for review.  A copy of the letter then ended up with New Hampshire State Prison Education Department Principal Dr. Davis for review.  After reviewing the letter, Dr. Davis wrote a disciplinary report against Stow, charging him with threatening to harm another person or property in the letter, which allegedly violated Department of Corrections rules.  The disciplinary report was ultimately filed without prejudice to Stow.  Because there was no guilty finding, no sanctions were imposed against Stow as a

result of the disciplinary report.  Dr. Davis's actions did not delay or prevent Stow from sending the letter out of the prison.

**Analysis.**  Dr. Davis's argument for dismissal is simple.  She contends that her alleged conduct – reviewing an inmate's outgoing non-legal mail and issuing a disciplinary report based on the content of that mail – does not constitute censorship that implicates the First Amendment.[4] The court agrees that inspecting or perusing an inmate's outgoing non-legal mail generally does not constitute censorship.  See, e.g., Wolff v. McDonnell, 418 U.S. 539, 576 (1974) ("freedom from censorship is not equivalent to freedom from inspection or perusal"); Busby v. Dretke, 359 F.3d 708, 722 (5th Cir. 2004) ("The Supreme Court has never held that reading inmate [non-legal] mail violates the First Amendment."); United States v. Whalen, 940 F.2d 1027, 1035 (7th Cir. 1991) ("[I]t is well established that prisons have sound reasons for reading the outgoing mail of their inmates").  And Stow has not alleged here that Dr. Davis altered his letter to a level that would be considered censorship or even prevented the letter from being mailed.[5]  If that were the extent of Stow's claim, the court would consider dismissing it.  But Stow alleges more.  Namely, he claims that Dr. Davis's filing of a disciplinary report (containing allegedly false statements) against him based on the contents of the letter separately qualifies as unlawful censorship.

---

[4] Memo. of Law in Supp. of Mot. To Dismiss (doc. no. 34-1), at ¶ 21.

[5] Stow argues in his Surreply that Dr. Davis placed colored dots on the letter and that this constituted censorship.  See Doc. no. 44.  While the court ordinarily would not consider arguments raised for the first time in a Surreply, even if it did so here, Stow's argument is not persuasive because the dots do not appear to have altered the letter in a way that would prevent its mailing or prevent its recipient from reading or understanding the text.  See Letter, Exhibit A to Amended Complaint (doc. no. 24-1).  The court also does not – because it need not for purposes of this motion – address Stow's argument that reading mail in violation of prison policy separately constitutes censorship.

Dr. Davis responds by arguing that her counsel could not identify "any case holding that the mere initiation of a disciplinary proceeding in response to the contents of an inmate letter can constitute actionable censorship under the First Amendment."[6] The court's research, however, reveals several cases supporting Stow's theory of liability. In these cases, courts have found that the filing of disciplinary charges against an inmate based on the contents of non-legal outgoing mail can, under some circumstances, depending on the government interests involved and the limitations imposed, plausibly constitute a form of indirect censorship. See, e.g., Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008) ("Barrett's complaint—which unequivocally pleads facts alleging that the prison censored his outgoing mail and punished him for its contents—states a claim that is clearly cognizable under Procunier. The district court was not in a position to decide, on the pleadings, whether the Oregon State Penitentiary's rules 'further an important or substantial government interest,' or impose limitations 'no greater than is necessary or essential to the protection' of those interests. These are questions that go to the merits of Barrett's claim, not to whether he has stated a claim."); Gandy v. Ortiz, 122 F. App'x 421, 423 (10th Cir. 2005) ("Prison officials, however, may not punish inmates for statements made in letters to outsiders that do not impinge on these important governmental interests. As the Supreme Court has stated, '[p]rison officials may not censor inmate correspondence simply to eliminate unflattering or unwelcome opinions or factually inaccurate statements.' 'If prison officials cannot censor unflattering statements made in letters to outsiders, they also may not punish an inmate for the contents of such letters.'") (citation omitted)); Todaro v. Bowman, 872 F.2d 43, 49 (3d Cir. 1989) ("Todaro's alleged situation mirrors that of the inmate in Brooks. Since no legitimate penological interest in suppressing critical communications has been

---

[6] Reply (doc. no. 42), at ¶ 4.

4

articulated, Todaro's confinement, if determined to be a punishment for communicating his criticisms of the conditions of his incarceration, may be violative of the first amendment.").[7]

Although the court finds that the alleged censorship implicates Stow's First Amendment rights, it does not decide whether the censorship is justified under the Procunier v. Martinez criteria, as Dr. Davis has not raised or developed that argument in her motion papers. See Procunier v. Martinez, 416 U.S. 396, 413-14 (1974) (holding that "censorship of prisoner mail is justified if the following criteria are met. First, the regulation or practice in question must further an important or substantial governmental interest unrelated to the suppression of expression. Prison officials may not censor inmate correspondence simply to eliminate unflattering or unwelcome opinions or factually inaccurate statements. Rather, they must show that a regulation authorizing mail censorship furthers one or more of the substantial governmental interests of security, order, and rehabilitation. Second, the limitation of First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved. Thus a restriction on inmate correspondence that furthers an important or substantial

---

[7] See also Loggins v. Delo, 999 F.2d 364, 367 (8th Cir. 1993) (disciplinary action based on inmate's letter to brother constituted censorship); Brooks v. Andolina, 826 F.2d 1266, 1267–68 (3rd Cir.1987) (disciplinary action based on outgoing letter stating that a guard had searched a visitor in "a very seductive manner" constituted censorship); Santiago v. Rabideau, No. 15 C 1856, 2016 WL 4490578, at *8 (N.D. Ill. Aug. 23, 2016) ("The Court concludes as a matter of law, the comments made in Plaintiff's letter—while offensive, aggressive, and vulgar – 'did not present a danger to the community *inside* the prison.' Plaintiff had an established First Amendment right to express himself in this letter, and that right was violated when he was punished for the contents of his letter and placed in solitary confinement. Therefore, as the Court finds no material facts in dispute with regard to the contents of Plaintiff's letter, it concludes that punishing Plaintiff for the contents of the letter violated his First Amendment rights." (citation omitted)).

interest of penal administration will nevertheless be invalid if its sweep is unnecessarily broad."), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401 (1989).

Censorship, or "interference with . . . intended communication," can be direct or indirect and may include prison disciplinary actions arising from inmate correspondence. Minnesota Civil Liberties Union v. Schoen, 448 F. Supp. 960, 965–66 (D. Minn. 1977); see also Taylor v. Sterrett, 532 F.2d 462, 469 (5th Cir. 1976) (noting that the "phenomenon of censorship, of course, appears in a multitude of forms" and can include disciplinary reports that have an "indirect chilling of the content" of inmate correspondence). Indirect censorship "involves a reluctance on the part of the communicating parties to include certain communication in written correspondence because of the knowledge that such written correspondence may be read by other parties." Schoen, 448 F. Supp. at 966.

If, however, "under the guise of legitimate personal correspondence, a prisoner uses outgoing mail as a means to be verbally abusive to prison staff without incurring disciplinary consequences, disciplinary measures taken to preserve the prison's security interests do not offend the First Amendment." Leonard v. Nix, 55 F.3d 370, 375–76 (8th Cir. 1995) (emphasis added). That scenario is not present here. Stow did not address his letter to prison staff and did not mention prison staff or his fellow inmates, let alone threaten them. The letter was therefore not a ruse to be verbally abusive to staff and did not otherwise present a security concern to the staff or other inmates. The court thus denies Dr. Davis's motion based on the narrow argument presented therein.[8]

---

[8] Dr. Davis suggests in passing that because the disciplinary report against Stow cannot be considered an "adverse act" for purposes of a retaliatory discipline claim, it too cannot constitute actionable censorship. See Doc. no. 34-1, at 6 n. 2. In support, Dr. Davis cites Starr v. Dube, 334 F. App'x 341 (1st Cir. 2009) (unpublished). But Starr involved a retaliatory discipline claim under § 1983, not a First Amendment censorship claim, and the two claims contain different

6

**Ruling.** There may be other grounds for dismissing Stow's federal censorship claim at a later procedural posture with the benefit of a more robust factual record, and more developed legal arguments regarding the governmental policies and the scope of the limitations imposed. The court cannot rule as a matter of law on a 12(b) motion, however, that Stow's complaint fails to state a censorship claim upon which relief can be granted. Dr. Davis's motion[9] is accordingly DENIED and the court will continue to exercise supplemental jurisdiction over Stow's state law claims.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　／s／ Joseph N. Laplante
　　　　　　　　　　　　　　　　　　Joseph N. Laplante
　　　　　　　　　　　　　　　　　　United States District Judge

Dated: March 30, 2021

cc:　　Weston J. Stow, pro se
　　　　Samuel R. V. Garland, Esq.

---

elements of proof.  Compare Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011) (outlining elements of retaliatory discipline claim), with Procunier, 416 U.S. at 413-14 (outlining elements of censorship claim).  Dr. Davis has not cited any case law in the censorship context supporting the argument that a disciplinary report that is de minimis for purposes of a retaliation claim cannot alternatively support a censorship claim.  Nor has she otherwise developed this argument in a non-conclusory manner.  The court accordingly rejects Dr. Davis's "de minimis" argument.

[9] Doc. no. 34.